Trial Attorney, Buchalter, APC, Irvine, CA, for Defendant-Appellant

Before: KOZINSKI and OWENS, Circuit Judges, and WILKEN,* Senior District Judge.

MEMORANDUM **

1. Viewing the evidence in the light most favorable to plaintiffs, substantial evidence supports the jury's finding that Sunbeam Products, Inc.'s warnings were inadequate to alert plaintiffs of the fire risks associated with the space heater, particularly the danger of using the heater while sleeping. *See Jackson v. Deft, Inc.*, 223 Cal.App.3d 1305, 273 Cal.Rptr. 214, 223 (1990) ("In most cases ... the adequacy of a warning is a question of fact for the jury."); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008).

2. Regarding bystander damages, there is substantial evidence that the girls were "present at the scene of the injury-producing event at the time it occur[red] and [were] then aware that it [was] causing injury to the victim." *Thing v. La Chusa*, 48 Cal.3d 644, 257 Cal.Rptr. 865, 771 P.2d 814, 815 (1989). The jury was able to find that the girls could have had "very little doubt" that their mother was "in the house that [they] saw engulfed in flames." *In re Air Crash Disaster Near Cerritos, California, On Aug. 31, 1986 (Estrada)*, 967 F.2d 1421, 1425 (9th Cir. 1992). As in *Estrada*, "[t]he injury-producing event was the fire," and the girls were not required to be aware of its cause. *Id.; see also Fortman v. Förvaltningsbolaget Insulan AB*, 212 Cal. App.4th 830, 151 Cal.Rptr.3d 320, 329 n.4 (2013).

3. Finally, substantial evidence supports the amount of emotional distress damages awarded to the girls, and the district court did not abuse its discretion by denying Sunbeam's motion for a new trial based on excessive damages. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 435-36, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Toscano v. Greene Music*, 124 Cal.App.4th 685, 21 Cal.Rptr.3d 732, 736 (2004) (Under California law, "[t]he amount of damages ... is a fact question committed to the discretion of the trial judge on a motion for new trial; an award of damages will not be disturbed if it is supported by substantial evidence.").

**AFFIRMED.**

**Miguel Angel RODRIGUEZ-ALEGRIA, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 15-72581

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

---

* The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Peter Hurtado, Seattle, WA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Sarah K. Pergolizzi, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Miguel Angel Rodriguez-Alegria, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo claims of due process violations in immigration proceedings, *Simeonov*, 371 F.3d at 535, and review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

We do not consider any materials that Rodriguez-Alegria references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Rodriguez-Alegria does not challenge the agency's conclusion that his asylum application was untimely filed, and that he failed to establish any changed or extraordinary circumstances to excuse the untimeliness. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's conclusion that Rodriguez-Alegria failed to establish he would be persecuted on account of his membership in the particular social group of his family. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (an applicant must provide some evidence of motive, direct or circumstantial). Further, we reject Rodriguez-Alegria's contention that he is entitled to withholding of removal based on membership in a particular social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Rodriguez-Alegria's CAT claim because he failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Silaya*, 524 F.3d at 1073. We reject Rodriguez-Alegria's contention that the BIA's analysis was insufficient. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (no due process violation where there is no error).

**PETITION FOR REVIEW DENIED.**

---

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.